## STATE v. R. L. WATSON.

No. A-7899.   Opinion Filed May 29, 1931.
(299 Pac. 926.)

102

Hollis Arnett, Co. Atty., B. F. VanDyke, and W. B. Garrett, for the State.

W. C. Austin and W. T. Jeter, for defendant in error.

EDWARDS, J. This is an appeal by the state. The defendant in error, hereinafter called defendant, was charged in the district court of Greer county with the embezzlement of $100. At the conclusion of the state's testimony, the court ruled that there was no evidence of the commission of an offense in Greer county and sustained a demurrer.

The record discloses that the prosecuting witness, L. H. Post, and defendant had some business transactions of some magnitude; Post having bought a garage and car agency from defendant. In the transaction he gave a note in the sum of $1,516 and various collateral notes to secure it. This transaction occurred in Greer county. Some business controversy apparently arose between defendant, who resided in Jackson county, and the prosecuting witness Post, who resided in Greer county, growing out of the sale of various cars turned over to Post at the time or just subsequent to the purchase of the business and for which defendant was liable. One of the notes in the sum of $100 given defendant as collateral to the note of Post was made by one Russell. This note was paid

by Russell to defendant in Greer county, which was deposited in Jackson county, and by check which cleared on October 17. The state contends this Russell payment should have been credited on the Post note. On October 17, Post went to Blair, in Jackson county, and paid defendant the balance due on his note, knowing at the time that Russell had previously given a check for the $100. It is the state's theory that defendant was required to account to Post in Greer county, and that the failure of defendant to account for or turn over to Post the $100 represented by the Russell payment constitutes embezzlement in Greer county, citing McClain on Crim. Law, § 650; State v. Hengen, 106 Iowa, 711, 77 N. W. 453; State v. Bailey, 50 Ohio St. 636, 36 N. E. 233, and other cases.

In this state an offense must be prosecuted in the county in which it is committed, or, when committed partly in one county or the actual effects constituting or requisite to the offense occurring in two or more counties, the jurisdiction is in either. Section 20, art. 2, Const.; sections 2429, 2433, Comp. St. 1921. It is obvious here that, at the time the Russell collateral note was paid, defendant was fully authorized to receive payment, and in fact it was his duty to receive payment. Then if it be conceded that Post later paid defendant in Jackson county more on his note than was due, this would not make the prior collection of the collateral note fraudulent and would not constitute an offense in Greer county. The offense, if any, would be the collecting more than was due in Jackson county. The transaction proven as a basis for this prosecution arose from a difference of opinion between defendant and prosecuting witness on a civil liability. Obviously there was no intent on the part of defendant to defraud, such as is necessary to constitute embezzlement (section 2121, Comp. St. 1921), and, even if

there were, under the facts stated, the venue is not in Greer county. The trial court was eminently correct in sustaining the demurrer.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.